# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEIL WHITNEY, | : |
| Plaintiff, | : |
| v. | : Civil Action<br>: No. 21-4006 |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the City of Philadelphia's Motion for Summary Judgment ("Motion"), it is **HEREBY ORDERED** that the Motion is **GRANTED.** It is **FURTHER ORDERED** that judgment be entered in favor of the City of Philadelphia and against Plaintiff on all claims.

**BY THE COURT:**

_____
HON. RICHARD A. LLORET
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FEIL WHITNEY, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 21-4006 |
| CITY OF PHILADELPHIA, et al., | : : : | |
| Defendants. | : : | |

## THE CITY OF PHILADELPHIA'S MOTION FOR SUMMARY JUDGMENT

The City of Philadelphia, by and through its undersigned counsel, hereby moves for summary judgment in this matter pursuant to Fed. R. Civ. P. 56. In support of this Motion, the City of Philadelphia hereby incorporates by reference its accompanying Statement of Facts and Memorandum of Law.

WHEREFORE, the City of Philadelphia respectfully requests that this Honorable Court enter an order substantially in the form proposed.

Date: April 19, 2023

Respectfully submitted,

/s/ Danielle B. Rosenthal
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEIL WHITNEY, | : |
| Plaintiff, | : |
| v. | : Civil Action |
| | : No. 21-4006 |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF PHILADELPHIA's MOTION FOR SUMMARY JUDGMENT

Defendant the City of Philadelphia (the "City"), by and through its attorney, respectfully submits the following memorandum of law in support of its Motion for Summary Judgment.

## STATEMENT OF FACTS

Defendant hereby incorporates by reference the attached Statement of Facts ("SoF") in support of this motion for summary judgment.

## LEGAL STANDARD

The Court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *See id.* All inferences must be drawn, and all doubts resolved in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

1

On a motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party and may not rest on mere denials. *See id.* at 321 n.3. Where the non- moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.* at 322–24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat a summary judgment motion. *See Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hospital of Univ. of Pa.*, No. 88-cv-4865, 1993 WL 153810, at *2 (E.D. Pa. May 7, 1993). Furthermore, the "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." *Poles v. St. Joseph's Univ.*, No. 92-cv-6797, 1995 WL 542246, at *5 (E.D. Pa. Sept. 11, 1995). Rather, the "[p]laintiff must present affirmative evidence in order to defeat [a] properly supported motion for judgment." *Id.*

## ARGUMENT

### I. THE CITY CANNOT BE HELD LIABLE FOR THE UNCONSTITUTIONAL ACTIONS OF ITS EMPLOYEES.

Although municipalities and other local governments are "persons" within the meaning of 42 U.S.C. § 1983, a municipality or local government may not be held liable solely on the ground that it employs an alleged tortfeasor. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397,

416 (1997). Courts have consistently refused to hold municipalities and other local governments liable under a theory of *respondeat superior*. *See, e.g.*, *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) ("A municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior*."); *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005); *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010) ("Municipalities cannot be held liable under § 1983 based solely upon a theory of *respondeat superior* "); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) ("[T]he City is not liable under the doctrine of *respondeat superior* for the misconduct of its police.").

Here, in each of Plaintiff's counts alleging constitutional violations, Plaintiff seeks to hold the City liable for the allegedly unconstitutional actions of unnamed employees. For instance, Plaintiff brings his claim in Count I for violations of federal constitutional rights against all defendants, including the City, but alleges merely that it was the "Defendant John Doe Philadelphia Police Officers 1-10," who "deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments," causing Plaintiff's injuries. *See* SoF ¶ 3 (citing JA5). Likewise, Plaintiff brings an excessive-force claim against all defendants, including the City, but bases this allegation solely on the conduct of the John Doe Philadelphia Police Officers, alleging that they "subjected Plaintiff to unreasonable and excessive force." *See id.* ¶ 7 (citing JA8). And finally, Plaintiff predicates his false imprisonment and false arrest claim against the City on the allegation that the Defendant John Doe Police Officers 1-10 violated Plaintiff's civil rights by "falsely arrest[ing] and imprison[ing] Plaintiff in the absence of probable cause." *See id.* ¶ 9 (citing JA11).

To the extent that each of these claims impermissibly rests on the alleged unconstitutional conduct of City employees, each fails as a matter of law. *Smith v. Callahan*, No. 97-cv-3724, 1999 WL 148461, at *5 (E.D. Pa. Mar. 17, 1999) (granting summary judgment in favor of the City in

3

part because "the City cannot be liable for § 1983 violations based upon *respondeat superior*" (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)); *Martin v. Lakewood Police Dep't*, 266 Fed. App'x 173, 177–78 (3d Cir. 2008) ("The District Court also correctly concluded that Defendant Lakewood Police Department was entitled to summary judgment because Martin's theory of respondeat superior was flawed."); *Summers v. Ramsey*, No. 13-cv-6644, 2016 WL 7188616, at *10 (E.D. Pa. Dec. 12, 2016) (granting summary judgment in favor of the City because "a *Monell* claim must allege more than liability on the basis of respondeat superior"), *aff'd*, 705 Fed. App'x 92 (3d Cir. 2017).

## II. ANY *MONELL* CLAIM IS NOT PROPERLY PLED AND LACKS FACTUAL RECORD SUPPORT.

As local government defendants cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, municipal liability only arises when a constitutional deprivation results from an official policy, practice, or custom. *Montgomery v DiSimone*, 159 F.3d 120,126 (3d Cir. 1998) (citing *Monell*, 436 U.S. 658). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Policy is made when a decisionmaker possessing final authority to establish governmental policy issues an official proclamation, policy, or edict. *Andrews v City of Phila.*, 895 F. 2d 1469, 1480 (3d Cir. 1990). Although custom instead can be proven by a given course of conduct, such conduct must be so well-settled and permanent as to virtually constitute law. *Brown*, 520 U.S. at 404.

Here, as noted above, the actual allegations supporting Plaintiff's constitutional claims against the City under § 1983 are limited to those of vicarious liability rather than those of an unconstitutional policy or custom. Plaintiff may not now expand the pled theories of liability

through summary-judgment briefing. *See, e.g.*, *Bell v. City of Phila.*, 275 Fed. App'x 157, 160 (3d Cir. 2008) ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'" (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996))); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir.2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).") (quoted with approval in *Bell*, 275 Fed. App'x at 160); 1 *Discovery Proceedings in Federal Court* § 1:2 (3d ed.) ("Plaintiffs may not raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment, because allowing a plaintiff to proceed on new, unpled theories after the close of discovery would prejudice defendants, who would have focused their discovery efforts on the theories actually pled.").

That said, assuming *arguendo* that Plaintiff could amend his Complaint at the summary judgment stage through the submission of briefing, the record is devoid of any facts supporting the existence of a municipal policy, practice, or custom. Even if Plaintiff could establish that he was subjected to an underlying constitutional violation, proof of a single incident is wholly insufficient to establish and official "policy" or "custom." *City of Okla. v. Tuttle*, 471 U.S. 808, 821 (1985) (holding that the jury was impermissibly allowed to infer that a single incident of excessive force was attributable to inadequate training or supervision). Here, not only is the record entirely devoid of evidence of an allegedly unconstitutional policy or custom, but Plaintiff conceded in response to the City's contention interrogatory that the factual basis for any *Monell* claims encompassed in Plaintiff's Complaint consists merely of the alleged use of "[e]xcessive force . . . by [the] Philadelphia Narcotics strike force in handcuffing and detaining *Plaintiff* while he was pulled and

thrown on the ground by the Narcotics strike force." SoF ¶ 14 (citing JA63–64) (emphasis added). No other factual basis, let alone evidence of an unconstitutional policy or custom was identified.

Accordingly, summary judgment is warranted. *Fletcher v. Dep't of Corr.*, 856 Fed. App'x 359, 361 (3d Cir. 2021) (affirming grant of summary judgment because "[t]here is no evidence in the record suggesting that the prison healthcare provider maintained any policy, practice, or custom that could have caused the alleged inadequate care"); *Thompson v. Phila. Police Dep't*, No. 10-cv-6083, 2012 WL 1526817, at *3 (E.D. Pa. Apr. 30, 2012) (holding that "the entry of summary judgment in [the d]efendant's favor [was] appropriate" where "there [was] no evidence on the record that the City of Philadelphia had a custom or policy that caused the alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments"); *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 363 n.13 (3d Cir. 2003) (noting that grant of summary judgment was proper where the "record [was] devoid of any evidence that Upper Moreland Township had a custom or policy that would have caused [the alleged] violation"); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (affirming grant of summary judgment on claims against a township absent "sufficient proof of a policy or custom").

### III. THE CITY IS IMMUNE FROM LIABILITY ON PLAINTIFF'S STATE LAW CLAIMS.

Under the Pennsylvania Political Subdivision Tort Claims Act, municipalities, such as the City of Philadelphia, enjoy "broad immunity . . . against tort claims." *Coit v. City of Phila,*, No. 08-cv-4744, 2010 WL 1946911, at *3 (E.D. Pa. May 11, 2010). Under the statute, for a municipality to "be liable for damages" for a state-law claim "on account of an injury to a person or property," a plaintiff's alleged injury must both (1) have been "caused by the *negligent* acts of the local agency or an employee thereof acting within the scope of his office or duties"; and (2)

fall into at least one of the nine categories of immunity exceptions[1]: (a) "[v]ehicle liability"; (b) "[c]are, custody or control of personal property"; (c) "[r]eal property"; (d) "[t]rees, traffic controls and street lighting"; (e) "[u]tility service facilities"; (f) "[s]treets"; (g) "[s]idewalks"; (h) "[c]are, custody or control of animals"; and (i) "[s]exual abuse." 42 Pa. Cons. Stat. Ann. § 8542(b).

First, to the extent Plaintiff's claims against the City for assault and battery, false arrest, and false imprisonment are construed as state-law, rather than constitutional, claims, they are barred by the general prohibition on liability against a municipality for the intentional torts of its employees. *Jenkins v. City of Phila.*, No. 15-cv-3271, 2015 WL 5585186, at *2 (E.D. Pa. Sept. 23, 2015) ("[T]he Court finds that the Pennsylvania Political Subdivision Tort Claims Act does indeed prevent him from bringing state law tort claims for false arrest, false imprisonment, and/or malicious prosecution against the City."); *Agresta v. City of Phila.*, 694 F. Supp. 117, 123 (E.D. Pa. 1988) (holding that the City of Philadelphia was "immune from suit on the plaintiff's state law claims," including those for false arrest and intentional infliction of emotional distress).

Second, although Plaintiff's remaining state-law claim sounds in negligence, the allegations do not fit within any of the categories of conduct where an exception to immunity applies. Accordingly, summary judgment is warranted. *Smith v. City of Chester*, 851 F. Supp. 656, 659 (E.D. Pa. 1994) (granting motion for summary judgment on negligence claim where no exception to governmental immunity applied); *Panas v. City of Phila.*, 871 F. Supp. 2d 370, 376 (E.D. Pa. 2012) ("Plaintiffs' negligence claim does not fall within one of the eight narrow exceptions to the City's immunity from negligence suits, so this claim also fails as a matter of

---

[1] The statute set forth eight categorical exceptions to liability until it was recently amended to add the ninth categories, pertaining to claims of sexual abuse. 2019 Pa. Legis. Serv. Act 2019-87 (H.B. 962).

7

law."); *Robey v. Chester Cty.*, 946 F. Supp. 333, 339 (E.D. Pa. 1996) ("As a result, although the record could establish that plaintiffs' damages were caused by defendants' negligence, these acts do not fall within the exceptions set out in § 8542, and the municipal defendants are entitled to immunity under the state law claims.").

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against the City in full.

Date: April 19, 2023

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEIL WHITNEY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br> Defendants. | Civil Action <br> No. 21-4006 |

## CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the City of Philadelphia's Motion for Summary Judgment was filed via the Court's electronic filing system and is available for viewing and downloading.

Date: April 19, 2023

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov